# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

DAVID MACALL,

        Plaintiff,

v.

FIRST MONTGOMERY GROUP, *et al.*,

        Defendants.

No. 1:24-cv-00557

**OPINION**

**<u>APPEARANCES</u>**:

David Macall
14501 Montfort Drive
Apartment 1542
Dallas, Texas
75254

John-Paul Madden
Mark Williams Strasle
MADDEN & MADDEN
108 Kings Highway East, Suite 200
P.O. Box 210
Haddonfield, New Jersey 08033-0389

    *On behalf of Defendants First Montgomery Group, The First Montgomery Group/UC, Inc., First Montgomery Group/UC Management, Inc., The Village Apartments, and Village Group Limited Partnership.*

Matthew T. Leis
CLAUSEN MILLER P.C.
100 Campus Drive, Suite 112
Florham Park, New Jersey 07932

    *On behalf of Defendants Law Offices of David A. Capozzi, P.C. and David Capozzi.*

Sean Michael O'Brien
LIPPES MATHIAS LLP
50 Fountain Plaza

Suite 1700
Buffalo, New York 14202

    *On behalf of Defendant Hunter Warfield, Inc.*

Bradley Lewis Rice
NAGEL RICE LLP
103 Eisenhower Parkway
Roseland, New Jersey 07068

    *On behalf of Defendants FB Riverside Owner LLC,*
    *FB Riverside JV LLC, and Vertical Capital Realty LLC.*

**O'HEARN, District Judge.**

This matter comes before the Court on a Motion for Judgment on the Pleadings and three separate Motions to Dismiss *pro se* Plaintiff's, David Macall ("Plaintiff"), Second Amended Complaint for Lack of Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and/or for Failure to State a Claim pursuant to Federal Rules of Civil Procedure 12(b)(6) and (c). (ECF Nos. 27, 28, 33, 58). For the reasons that follow, the Moving Defendants' Motions to Dismiss and for Judgment on the Pleadings are **GRANTED**.

    **I.**    **BACKGROUND**

This matter arises out of Plaintiff's evictions from two rental properties. Plaintiff alleges that Defendants, twenty-two entities,[1] engaged in "unlawful efforts to coerce tenants to formally agree to amended lease terms and conditions." (*Id*. at ¶ 14).

---

    [1] Though Plaintiff specifically lists twenty-two separate Defendants, many appear to be duplicative.

2

## A. The South Jersey Residence

Plaintiff rented an apartment at the Village Apartments in Voorhees Township, New Jersey from March 19, 2006, through April 20, 2023. (Am. Compl., ECF No. 28-1 at ¶ 17). From 2019 through 2023, Defendant First Montgomery Group ("FMG"), the owner of the property, initiated several landlord tenant actions in New Jersey Superior Court seeking to evict Plaintiff from the property for violations of the lease. (*Id*. at ¶¶ 32–35, 39–42). Specifically, in 2019, Defendant the Village Apartments initiated a summary dispossess action in New Jersey Superior Court against Plaintiff, Docket No. CAM-L-8654-19,[2] for alleged nonpayment of rent. (*Id*. at ¶ 104). On November 25, 2019, the trial court entered an order in favor of the Village Apartments finding Plaintiff owed outstanding rent and that the rent increase was proper and reasonable. *See* (Am. Compl., ECF No. 20, ¶ 104; Capozzi Defs.' Br., ECF No. 27, Ex. C). Thereafter, Plaintiff appealed the trial court's decision, and the Appellate Division affirmed. *See* (Docket No. A-1724-19T3; Capozzi Defs.' Br., ECF No. 27, Ex. D). Specifically, the Appellate Division affirmed the trial court's determination that Plaintiff had consented to the rental increase by remaining in the residence after the notice and that the one-month notice was proper. *Id*. Following a remand to the trial court on the issue of whether the rent notice was sufficient, the Appellate Division later affirmed the trial court's determination that it was sufficient. *See* (Docket No. A-2819-20; Capozzi Defs.' Br., ECF No. 27, Ex. H).

---

[2] The Court takes judicial notice of the prior state court litigation and related pleadings involving Plaintiff. *See Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d. Cir. 1999) ("[O]n a motion to dismiss, [a court] may take judicial notice of another court's opinion—not for the truth of the matter asserted, but for the existence of the opinion.").

Following another separate eviction proceeding, on April 6, 2023, Plaintiff entered into a Consent to Judgment agreeing to vacate the property. (Am. Compl., Ex. E). Thereafter, Defendant FMG sought to collect unpaid monies and attorney's fees related to the landlord tenant litigation. (*Id*.).

Based on these rent notices and eviction proceedings, Plaintiff alleges Defendants FMG, First Montgomery Group/UC, Inc., First Montgomery Group/UC Management, Inc., the Village Apartments, Village Group Limited Partnership, Greenblatt Lieberman Richards & Weishoff LLC,[3] the Law Offices of David A. Capozzi, P.C., and Hunter Warfield, Inc. (collectively, "South Jersey Defendants"), failed to provide three-months' notice of a rent increase, wrongfully sued seeking eviction on three separate occasions, and made false claims against him. (*Id*. at ¶¶ 19–27).

## B. The North Jersey Residence

From January 2015 through April 2023, Plaintiff rented an apartment at Riverside Garden Apartments in Cranford, New Jersey. (*Id*. at ¶ 107). Plaintiff alleges Defendants initiated eviction proceedings against him in New Jersey Superior Court in 2019 and 2022. (*Id*. at ¶ 113). The 2019 proceeding was settled in 2020. *See* (Riverside Defs.' Br., ECF No. 33, Ex. 2).

As for Defendants Pentaurus Limited Liability Company, Pentaurus Properties LLC, Riverside Estates LLC,[4] Vertical Capital Realty LLC, FB Riverside Owner LLC, and FB Riverside JV LLC (collectively, "North Jersey Defendants"), Plaintiff alleges they fraudulently asserted late rent fees, brought a wrongful eviction action which allegedly resulted in his constructive eviction, coerced

---

[3] Defendant Greenblatt Lieberman Richards & Weishoff LLC is not a party to any of the Motions.

[4] Defendants Pentaurus Limited Liability Company, Pentaurus Properties LLC, and Riverside Estates LLC are not parties to any of the Motions.

him into a "month-to-month tenancy," and doubled his rent as an alleged sanction for not agreeing to amended terms and conditions. (*Id*. at 108–11).

Plaintiff then filed a Complaint in this Court alleging the following claims against the South Jersey Defendants: wrongful eviction and constructive eviction under N.J. Stat. Ann. § 2A:18-61.6(d) (Counts One and Three); malicious use of process (Count Two); reprisal under N.J. Stat. Ann. § 2A:42-10.10 and 2A:42-10.12 (Count Four); intentional infliction of emotional distress (Count Five); wrongful dispossession or trespass under N.J. Stat. Ann. § 2A:18-61.1 (Count Six); "forcible detainer, conversion, breach of implied covenant" under N.J. Stat. Ann. § 2A:39-2 (Count Seven); "conversion, distraint, breach of implied covenant" (Count Eight), violations of the New Jersey Consumer Fraud Act (Count Nine); defamation (Count Ten); and violations of the Fair Debt Collection Practices Act ("FDCPA") (Counts Eleven, Twelve, and Thirteen). (*Id*. at ¶¶ 28–106). Additionally, Plaintiff brings the following claims against the North Jersey Defendants: "wrongful eviction notices, statutory constructive eviction" (Count Fourteen); malicious use of process (Count Fifteen); landlord's failure to account for security deposit (Count Sixteen); common law constructive eviction (Count Seventeen); reprisal (Count Eighteen); intentional infliction of emotional distress (Count Nineteen); and violations of the New Jersey Consumer Fraud Act (Count Twenty). (*Id*. at ¶¶ 107–153).

## II.    PROCEDURAL HISTORY

On January 26, 2024, Plaintiff filed a Complaint. (ECF No. 1). Following Defendant David Capozzi's then pending Motion to Dismiss, (ECF No. 4), Plaintiff filed an Amended Complaint, (ECF No. 9), thereby mooting the then pending motion, (ECF No. 13). Upon review of the Amended Complaint, the Court struck the pleading for failing to meet the requirements of Federal

Rule of Civil Procedure 8. (ECF No. 16). Specifically, the Complaint was over sixty pages, contained more than nine hundred separate paragraphs, and was largely incomprehensible. (ECF No. 13). On May 20, 2024, Plaintiff filed a Second Amended Complaint. (ECF No. 20).

On June 5, 2024, Defendants David Capozzi and the Law Offices of David A. Capozzi P.C. ("Capozzi Defendants") filed a Motion to Dismiss, (ECF No. 27). That same day, Defendants First Montgomery Group/UC, Inc., First Montgomery Group/UC Management, Inc., the Village Apartments, and the Village Group Limited Partnership ("FMG Defendants") filed a Motion to Dismiss, (ECF No. 28). On June 19, 2024, Defendants FB Riverside JV LLC, FB Riverside Owner LLC, and Vertical Capital Realty LLC ("Riverside Defendants") filed a Motion to Dismiss. (ECF No. 33). On July 7, 2024, Plaintiff filed separate responses to the FMG Defendants and Capozzi Defendants' motions. (ECF Nos. 39, 40). Plaintiff never filed opposition to The Riverside Defendants' Motion and thus, that Motion is unopposed. The FMG Defendants and Capozzi Defendants filed separate replies on July 11, 2024. (ECF Nos. 47, 48). On July 25, 2024, Defendant Hunter Warfield, Inc. ("HWI Defendant") filed a Motion for Judgment on the Pleadings, (ECF No. 58), which Plaintiff opposed on August 20, 2024, (ECF No. 61). On August 30, 2024, HWI Defendant filed a reply. (ECF No. 64).

### III.  JURISDICTION

This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff brings a claim under the FDCPA, 15 U.S.C. § 1692 *et seq*.

## IV.  LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) must be granted if the Court lacks subject matter jurisdiction. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). A plaintiff bears the burden of proving that the Court has subject matter jurisdiction. *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006).

Under Federal Rule of Civil Procedure 12(b)(1), an attack on subject matter jurisdiction may be either a facial or a factual attack. *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008). A facial attack "concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Id.* (internal quotation marks and citation omitted) (alteration omitted).

In a facial attack, "the court looks only at the allegations in the pleadings and does so in the light most favorable to the plaintiff." *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). In a factual attack, "it is permissible for a court to review evidence outside the pleadings." *Id.* (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)).

### B. Federal Rule of Civil Procedure 12(b)(6)

To state a claim, a complaint needs only to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although "short and plain," this statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quotations, alterations, and citation

omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted). Rather, a complaint must contain sufficient factual allegations "to state a claim to relief that is plausible on its face." *Id.* at 547.

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the complaint's well-pleaded allegations as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). Through this lens, the court then conducts a three-step analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Next, the court should identify and disregard those allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

On a Federal Rule of Civil Procedure 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). The court may only consider the facts alleged in the pleadings, any attached exhibits, and any matters of judicial notice. *S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.*, 181

F.3d 410, 426 (3d Cir. 1999).[5]

## V. DISCUSSION

The Moving Defendants all argue that Plaintiff's claims are barred because his claims were, or could have been, litigated in his state court action. (FMG Defs.' Br., ECF No. 28-1 at 7; Riverside Defs.' Br., ECF No. 33 at 12; Capozzi Defs.' Br., ECF No. 27 at 12). Specifically, the Capozzi and FMG Defendants assert that the doctrines of *res judicata* and collateral estoppel bar the re-litigation of the claims Plaintiff asserts in this case. (Capozzi Defs.' Br., ECF No. 27 at 16–20; FMG Defs.' Br., ECF No. 28-1 at 9). The Riverside Defendants argue that the entire controversy doctrine bars Plaintiff's claims because the parties reached a settlement in his eviction action in the 2019 state court landlord tenant litigation. (Riverside Defs.' Br., ECF No. 33 at 12). And the FMG Defendants contend that the Court lacks jurisdiction under the *Rooker-Feldman* doctrine given Plaintiff's extensive prior litigation of his tenancy issues in state court. (FMG Defs.' Br., ECF No. 28-1 at 7). Finally, HWI Defendant contends Plaintiff has failed to state any claim against it. (HW Defs. Br., ECF No. 58 at 7–17). The Moving Defendants are entirely correct.

---

[5] "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "document[s] integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (internal quotation marks and citation omitted). Here, the Moving Defendants submitted many state court pleadings, orders, and judgments in their opposition, which the Court relies on not only to frame the factual background but also the legal issues. Such documents are clearly not only public records but integral to the Complaint.

### A. The Complaint fails to comply with Federal Rule of Civil Procedure 8(a)(2)

As an initial matter, Plaintiff's Amended Complaint wholly fails to comply with Federal Rule of Civil Procedure 8(a)(2). Even after this Court struck the initial Complaint for failing to abide by the requirements of Rule 8, Plaintiff's Amended Complaint, which contains thirty-four pages of allegations, totals eighty-three pages including exhibits, and names twenty-two different defendants and John Does 23-999, yet again, falls far short of the standard that a Complaint be a "short and plain statement." For example, each paragraph contains many allegations, the allegations are not presented in a chronological order, the Complaint contains categories of claims with multiple subparts (*i.e.*, "Category 1 Wrongful Eviction Notices, Statutory Constructive Eviction (Counts 1A through 1F)"), some "categories" list different and unrelated causes of action (*i.e.*, "Category 7 Forcible Detainer, Conversion, and Breach of Implied Covenant"), and it is entirely unclear which claims are asserted against which Defendants. At best, it is a very difficult-to-follow pleading, which completely defeats the purpose of the Rule, which is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. More importantly, the Court is strained to understand the exact claims asserted by Plaintiff, the facts he alleges in support thereof and which claims he asserts against which defendants. The burden to properly plead claims and the factual basis therefore lies upon the plaintiff. Indeed, even a *pro se* plaintiff must do so. *See Rothman v. Cabana Series IV Tr.*, No. 23-03183, 2023 WL 4866359, at *1 (D.N.J. July 31, 2023), *aff'd*, No. 23-2455, 2024 WL 1405393 (3d Cir. Apr. 2, 2024) (explaining though courts construe *pro se* plaintiff' submissions liberally, they must allege sufficient facts to support a claim). Here, even applying that liberal standard the Court is left to essentially guess as to the claims asserted by Plaintiff. For these reasons, the

Amended Complaint still fails to adhere to pleading requirements. The Court will, nevertheless, address the claims as best as the Amended Complaint can be interpreted.

### B. Plaintiff fails to state a claim under the FDCPA.

Plaintiff fails to state a claim under the FDCPA, which is the Court's only basis for jurisdiction.[6] The FDCPA provides, in relevant part, that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The FDCPA further provides more generally that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." § 1692f. To state a claim under the FDCPA, a plaintiff must show that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

While not entirely certain, Plaintiff appears to bring this claim against the South Jersey Defendants. As an initial matter, FDCPA claims must be brought "within one year from the date on which the violation occurred." 15 U.S.C. § 1692(k). To the extent that Plaintiff asserts a claim related to events that occurred one year prior to the date he filed his Complaint, January 26, 2024, those claims are plainly barred by the statute of limitations. Specifically, the FDCPA claims brought against the Capozzi Defendants are entirely out of time. The Capozzi Defendants represented the Village Apartments in a landlord tenant action in state court which commenced in

---

[6] Though Plaintiff alludes to the Racketeer Influenced and Corrupt Organizations Act, there are no facts to support such a claim in the Complaint. Thus, the Court will not consider it as a basis for subject matter jurisdiction.

November 2019. (Am. Compl., ECF No. 20, ¶ 104). The Capozzi Defendants filed a substitution of counsel on March 2, 2022. (Capozzi Defs. Br., ECF No. 27, Ex. G). Thus, based on the allegations in Plaintiff's own pleadings, any claim related to the Capozzi Defendants expired well before he filed his Complaint.

To the extent that Plaintiff brings this claim against any former *landlord* like the FMG Defendants, those claims also fail to state a claim. Under the FDCPA, a debt collector is "any person . . . who regularly collects or attempts to collect . . . debts owed or due . . . to another." 15 U.S.C. § 1692a(6). To the extent that any former landlord attempted to collect the judgment on their own behalf, they are creditors and not debt collectors. *See, e.g.*, *Staub v. Harris*, 626 F.2d 275, 277 (3d Cir. 1980) ("The [FDCPA] does not apply to persons or businesses collecting debts on their own behalf."); *Brannigan v. Harrison*, No. 15-2991, 2018 WL 1942520, at *7 (D.N.J. Apr. 24, 2018) (same); *see also Aubert v. American Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998) ("Creditors who collect in their own name and whose principal business is not debt collection ... are not subject to the Act.").

As for the HWI Defendant, which Plaintiff alleges was a debt collector, Plaintiff also fails to state a claim because there are no factual allegations to support such a claim. For example, there are no factual allegations that HWI misrepresented the amount, character, or legal status of any debt other than Plaintiff's conclusory allegations which are insufficient. Moreover, though Plaintiff alleges violations under Sections 1692e, 1692f, and 1692g, Section 1692f is "a catch-all provision for conduct that is unfair but is not specifically enumerated in any other section of the FDCPA." *Corson v. Accounts Receivable Mgmt., Inc.*, No. 13-1903, 2013 WL 4047577, at *7 (D.N.J. Aug. 9, 2013). Thus, "[a] complaint fails to state a claim under Section 1692f unless it identifies some

misconduct by the debt collector other than that which provides the basis for the plaintiff's claims under other provisions of the FDCPA." *Hoover v. Midland Credit Mgmt., Inc.*, No. 10-06856, 2012 WL 1080117, at *8 (E.D. Pa. Mar. 30, 2012). Here, though Plaintiff alleges a violation of 1692f, he does not identify a separate basis to support such a claim. Finally, though Plaintiff alleges that HWI Defendant failed to provide the required notice under 1692g, HWI Defendant maintains that the letter Plaintiff bases his claim on was a follow-up letter and that the initial letter, attached to HWI Defendant's Answer, which is integral to the pleadings and its claims, does contain the required notice language. (HWI Def. Br., ECF No. 35 at 18; HWI Answer, ECF No. 30, ¶ 7). For these reasons, Plaintiff fails to state a claim under the FDCPA against HWI.

In summary, Plaintiff fails to state any claim under the FDCPA against any defendant. Though the FDCPA is the only basis for this Court's jurisdiction, the Court briefly addresses the remaining state claims as they too fail to state a claim because Plaintiff seeks to relitigate issues already raised and decided in the state court landlord tenant action.

### C. The Court lacks jurisdiction under the *Rooker-Feldman* doctrine to review any related prior state court decisions.

The *Rooker-Feldman* doctrine bars a lower federal court from exercising jurisdiction over a case that would be the functional equivalent of an appeal from a state court judgment. *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923). The *Rooker-Feldman* doctrine applies when: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments;' (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the state court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). This doctrine is commonly applied where

13

there have been previously litigated state court actions related to landlord tenant matters.

It is apparent from Plaintiff's Amended Complaint that he has previously and extensively litigated the issues regarding his tenancy in both residences in multiple state court actions at both the trial court and appellate court levels. As such, to the extent that Plaintiff is seeking a review of a prior state court decision, the *Rooker-Feldman* doctrine applies and precludes him from doing so. *See, e.g.*, *Okpala v. Lucian*, 645 F. App'x 138 (3d Cir. 2016) (explaining federal courts lack jurisdiction under the *Rooker-Feldman* doctrine in cases where the plaintiff sought to overturn state court orders related to residential leases); *Middlebrook at Monmouth v. Liban*, 419 F. App'x. 284-86 (3d Cir. 2011) (affirming dismissal pursuant to the *Rooker-Feldman* doctrine of tenant's claims brought against landlord because eviction order had been issued against tenant in State Court), *cert. denied*, 565 U.S. 880 (2011), *rehearing denied*, 565 U.S. 1075 (2011); *Newton v. Mizell*, 346 F. App'x. 754, 755-56 (3d Cir. 2009) (affirming dismissal pursuant to the *Rooker-Feldman* doctrine because an eviction order had been issued against tenant in state court).

For example, here, Plaintiff alleges that on November 25, 2019, a state trial court entered an order in favor of the Village Apartments in a summary dispossess action, which the Appellate Division thereafter affirmed, finding that rent was due and owing and that the rental increase and notice was reasonable and proper. (Am. Compl., ECF No. 20, ¶ 104). This Court, thus, lacks jurisdiction as to all claims which seek a review of these decisions. Similarly, in the face of then pending additional state court litigation, Plaintiff entered into a Consent of Judgment with the Village Apartments, resulting in his 2023 eviction from the residence, (Am. Compl., Ex. E), and as such, the Court lacks jurisdiction to review any claims stemming from that litigation and

resulting judgment.[7]

### D. *Res Judicata* and Collateral Estoppel also bars re-litigation of the state court decisions and related issues.

The doctrine of *res judicata* requires: "(1) a final judgment on the merits; (2) the prior suit involved the same parties or their privies; and (3) the subsequent suit is based on the same transaction or occurrence." *Watkins v. Resorts Int'l Hotel and Casino, Inc.*, 124 N.J. 398, 412 (1991); *see also*, *In re Mullarky*, 536 F.3d 215, 225 (3d Cir. 2008) (explaining *res judicata* bars claims brought in prior action and claims that "could have been brought"). "[T]he focus is on 'whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same.'" *Shah v. United States*, 540 F. App'x 91, 94 (3d Cir. 2013).

The doctrine of collateral estoppel prevents a party from relitigating issues that have already been decided in prior lawsuits. *Peterson v. Holmes*, No. 11-2594, 2017 WL 1653949, at *4 (D.N.J. May 2, 2017) (citing *In re Docteroff*, 133 F.3d 210, 214 (3d Cir. 1997)). "Collateral estoppel exists to promote judicial consistency, encourage reliance on court decisions, and protect defendants from being forced to relitigate the same issues in multiple lawsuits." *Id.* (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). In New Jersey, a party seeking to invoke the doctrine must show that: "(1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the proceeding; (3) the court in the prior proceeding issued a final

---

[7] Moreover, to the extent Plaintiff is alleging Defendant Village Apartments breached the settlement agreement, at best any such claims may be a breach of contract claim over which, absent some other federal question, the Court lacks subject matter jurisdiction unless there is some other basis for jurisdiction which is not presently pled. Similarly, the Court lacks jurisdiction over Plaintiff's malicious use of process claim absent a federal question.

15

judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding." *Id.* (citation omitted). Again, this doctrine is commonly applied where there have been previously litigated state court actions related to landlord tenant matters.

Similarly, the doctrines of *res judicata* and collateral estoppel bar re-litigating the claims and issues previously decided in state court. *See Okpala v. Lucian*, 645 F. App'x 138, 140 (3d Cir. 2016) (determining *res judicata* barred tenant from bringing claims concerning his eviction in federal court because tenant "is merely attempting to relitigate issues that were already decided in State Court"); *Groves v. Wilson*, 404 F. App'x. 705, 707 (3d Cir. 2010) (holding tenants were barred from bringing claims based on their eviction in federal court against landlord because "while the tenants cited several federal statutes in their complaint, the facts they allege demonstrate an intent to relitigate the events leading up to and following their eviction"); *Pondexter v. Allegheny County Housing Authority*, 329 F. App'x. 347, 350-51 (3d Cir. 2009) (holding tenants were barred by *res judicata* from bringing federal and state claims against landlord because tenants could have raised claims during eviction proceedings); *Turner v. Crawford Square Apartments III, L.P.*, 449 Fed. 3d 542, 548-51 (3d Cir. 2006) (same).

Here, Plaintiff's claims premised on the rent notices and the subsequent evictions are plainly barred by the doctrines of *res judicata* and collateral estoppel as they have previously been litigated in state court in various actions. As previously noted, a trial court entered a final judgment on Plaintiff's 2019 landlord tenant proceedings, which was later affirmed by the Appellate Division, concluding rent was due and owing to the Village Apartments and that their notice and rent increase was proper. (Capozzi Defs.' Br., ECF No. 27. Exs. C, D, E, F, and H). Plaintiff is

thus now precluded from bringing claims related to the rent increase, notice of rent increase, and the service of notice as they were all previously litigated. Further, Plaintiff's claims in his Amended Complaint which are based on issues already decided in that litigation, like his claims of wrongful eviction, constructive eviction, and wrongful dispossession, are barred.

As such, any claims related to the 2019, 2020, or 2023 eviction proceedings against the Moving Defendants are dismissed with prejudice.

### E. Entire Controversy Doctrine

Finally, all remaining claims asserted in the Amended Complaint arising from the rent notices and eviction proceedings should have been brought in the various state court actions. In New Jersey, the Entire Controversy Doctrine provides that the "[n]on- joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims." N.J. Ct. R. 4:30A.5 "The 'doctrine seeks to ensure that all aspects of a legal dispute occur in a single lawsuit,'" *Reid v. Transp. Ins. Co.*, 502 F. App'x 157, 159 (3d Cir. 2012) (*quoting Olds v. Donnelly*, 696 A.2d 633 (N.J. 1997)), and "bars a subsequent action [ ] when a prior action based on the same transactional facts has been tried to judgment or settled." *Arena v. Borough of Jamesburg*, A.2d 790 (App. Div. 1998). Thus, to the extent that any remaining claim asserted in the Amended Complaint was not but could have been brought in the state court actions—like the claims for detainer and conversion—those claims are barred and will be dismissed.

### F. Any remaining claim is dismissed for failure to state a claim.

Finally, to the extent that Plaintiff states a claim unrelated to the prior state court actions, or against any party not in privity with a party in the state court litigation, those claims must be dismissed for failure to comply with Rule 8(a)(2) and failure to state a claim. As noted above and

by the Moving Defendants, the Amended Complaint leaves the Court and Defendants to guess as to which claims are brought against which defendant. Plaintiff's Amended Complaint wholly fails to put any Defendant on notice of the claims brought against them and the basis for those claims. Indeed, though Plaintiff groups the many Defendants into either the North Jersey Defendants or South Jersey Defendants categories, there are many Defendants, like the Capozzi Defendants and HWI Defendant, who were involved in just one part of one of the eviction proceedings referenced in the Amended Complaint, and they are simply not properly apprised of the allegations or claims brought against them.

Plaintiff will be afforded one final opportunity to amend, but the Court emphasizes that Plaintiff cannot bring any claim that has already been, or could have been, litigated against these Defendants in any of the state court actions. To be clear, this Court *will not review* any such decision, or related issues, or any claim which is untimely. Finally, Plaintiff must adhere to the requirements of Rule 8. In particular, Plaintiff *must* include a separate section for each individual Defendant, detailing his specific factual allegations and legal claims against that individual Defendant only. He must do this for every single Defendant. In those individualized sections, he must also separate each legal claim and explain how that particular Defendant committed that alleged legal wrong. For example:

1. Defendant John Doe #1
    a. All factual allegations as to only John Doe #1.
    b. First legal allegation as to only John Doe #1.
    c. Second legal allegation as to only John Doe #1.
    d. Etc.

    2. Defendant John Doe #2

        a. All factual allegations as to only John Doe #2.

        b. First legal allegation as to only John Doe #2.

        c. Second legal allegation as to only John Doe #2.

        d. Etc.

Additionally, Plaintiff must ensure that his proposed amended complaint does not contain group pleading allegations. If Plaintiff continues to include group pleading allegations, the Court will not consider those allegations. Finally, the Court reminds Plaintiff that he cannot rely solely on legal conclusions; complaints must allege "sufficient factual matter" to show that the claims are facially plausible. *See Fowler*, 578 F.3d at 210. Plaintiff cannot allege that a defendant committed a particular wrong without adequately explaining the factual circumstances underlying each claim.

## CONCLUSION

For the foregoing reasons, the Moving Defendants' Motions to Dismiss and Motion for Judgment on the Pleadings are **GRANTED**. (ECF Nos. 27, 28, 33, 58). Plaintiff's Amended Complaint is dismissed in its entirety as to the Moving Defendants. Plaintiff shall have thirty days to file a motion to amend in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules and must provide a proposed amended complaint in accordance with this Opinion. A motion to amend will only be granted if the Court can discern concrete, cognizable claims against defendants such that any amendment will not be futile. An appropriate Order accompanies this Opinion.

*/s/ Christine P. O'Hearn*
**CHRISTINE P. O'HEARN**
**United States District Judge**